UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

```
IRMA LORENUS,                   )
                                )
    Plaintiff,                  )
                                )
v.                              )    Case No. 05-11903-RGS
                                )
UNITED STATES OF AMERICA,       )
                                )
    Defendant.                  )
```

## ANSWER TO COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, the United States of America ("Defendant"), responds to the Complaint of Plaintiff Irma Lorenus as follows:

### FIRST AFFIRMATIVE DEFENSE

#### I. Parties

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore, denies the same.

2.  Defendant admits the allegations contained in Paragraph 2.

#### II. Jurisdiction

3.  Defendant admits that Plaintiff purports to bring the action pursuant to 28 U.S.C. §2401 and 28 U.S.C. § 2675.  The remainder of Paragraph 3 states a legal conclusion to which no response is necessary.

### III. Facts

4. Upon information and belief, Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant admits that the United States Postal Service received Plaintiff's Claim for Damage Injury or Death on October 4, 2004. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore, denies the same.

### COUNT I – VIOLATION OF FEDERAL TORT CLAIM ACT

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

10. Paragraph 10 states a legal conclusion to which no response is necessary.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

## ADDITIONAL AFFIRMATIVE DEFENSES

1    Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2.    Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claim presented to the United States Postal Service.

3.    Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4.    Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

5.    Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

6.    Plaintiff's  fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident.  Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any

fault of Defendant.

    7.    Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.

    8.    Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

    9.    Defendant denies that it and/or any of its agents or employees was negligent and/or breached any duty or standard of care due to the Plaintiff and/or engaged in any conduct that was the proximate cause of the injuries, damages and losses allegedly incurred by her.

    10.    Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, Plaintiff has failed to mitigate her damages.

    11.    Plaintiff's recovery against Defendant for pain and suffering, loss of companionship, embarrassment and other items of general damages, is limited to the damages recoverable under Massachusetts General Laws Chapter 231, § 60H.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of her Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Dated: November 14, 2005     By:   /s/ Damian W. Wilmot
                                        DAMIAN W. WILMOT
                                        Assistant U.S. Attorney
                                        Moakley Federal Courthouse
                                        One Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3398

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed this 14th day of November, 2005, to:

David Green
Alford & Bertrand, LLC
60 Arsenal Street
P O Box 322
Watertown, MA 02471-0322

                                        /s/ Damian W. Wilmot
                                        DAMIAN W. WILMOT
                                        Assistant U.S. Attorney